UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARED VODANOVICH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4191**<br>**REF: ALL CASES** |
| **BOH BROS. CONSTRUCTION CO., ET AL.** | **SECTION "B"(3)** |

**ORDER AND REASONS**

I. NATURE OF MOTIONS AND RELIEF SOUGHT

Before the Court is the Sims Plaintiffs' "Motion for Certification Pursuant to Rule 54(b)" (Rec. Doc. 259), which seeks certification to appeal: (1) an order of this court, entered October 30, 2014, awarding $3,500,000 in costs to Liaison Counsel (the "Fee Award")(Rec. Doc. 230), as well as (2) an order entered February 25, 2015, denying a Motion to Vacate the Fee Award (hereinafter the "Rule-60 Denial"). (Rec. Doc. 258). Liaison Counsel oppose the Sims Plaintiffs' Motion (Rec. Doc. 262) and have further filed a "Motion for Writ of Execution" (Rec. Doc. 260), seeking entry of a writ directing payment by the Escrow Agent of the funds that are the subject of the same Fee Award the Sims Plaintiffs presently seek leave to appeal. The Sims Plaintiffs, in turn, oppose the Motion for Writ of Execution as to certain sums. (Rec. Doc. 261).

As explained fully below, **IT IS ORDERED** that the Sims Plaintiffs' Rule 54 Motion (Rec. Doc. 259) is **GRANTED IN PART**

**AND DENIED IN PART. IT IS FURTHER ORDERED** that Liaison Counsel's Motion for Writ of Execution (Rec. Doc. 260) is **GRANTED**, subject to the modifications set forth below.

**II. FACTS AND PROCEDURAL HISTORY**

This consolidated class action concerning property damage incurred in the wake of Hurricane Katrina has been the subject of protracted litigation in this section of Court and the facts of the underlying action need not be set forth in detail for purposes of the presently pending motions. On November 18, 2013, this Court entered a final judgment approving a Second Limited Fund Settlement.[1] That judgment was followed by a Motion for Award of Costs and Expenses filed by Liaison Counsel, which sought disbursal of $3,500,000 in Escrowed Funds among the Levee Litigation and MR-GO Litigation Groups and their respective members. (Rec. Doc. 227). The Court held a hearing on the motion on October 29, 2014, after which it issued an Order and Reasons granting the motion -- the Fee Award presently at issue. (Rec. Doc. 230). A "Final Judgment" approving that order followed on November 3, 2014. (Rec. Doc. 231).

In the ensuing period, Liaison Counsel filed a Motion for Payment of Non-Taxable Litigation Costs (Rec. Doc. 232),

---

[1] The approval of a First Limited Fund Settlement was reversed on appeal and remanded for further litigation for reasons that have no bearing on the instant motions. See *In Re Katrina Canal Breaches Litigation*, 628 F. 3d 185 (5th Cir. 2010).

indicating that the various members of the Litigation Groups had agreed as to how the approved funds were to be distributed as between the two Litigation Groups and, for the most part, between the members of each group. Nevertheless, the motion noted that Daniel E. Becnel, Jr., a member of the Levee Litigation Group, asserted a claim to $50,000 of the funds otherwise destined for the MR-GO Litigation Group. Mr. Becnel's claim to such funds is presently under advisement, ruling on which has been impeded by several intervening filings on behalf of the Sims Plaintiffs. In light of the foregoing, the Court ordered the Escrow Agent to release all but the contested $50,000 amount to the respective Litigation Groups. (Rec. Doc. 242).

On December 22, 2014, the Sims Plaintiffs filed a "Motion to Vacate Order on Motion for Release of Funds", seeking vacatur of the Fee Award under Fed R. Civ. P. 60. (Rec. Doc. 246). The thrust of the motion was that the Sims Plaintiffs had not received notice of the Fee Award prior to entry of the Final Judgment due to issues with the CM/ECF system. The Court denied that motion by way of an Order and Reasons issued February 25, 2015. (Rec. Doc. 258).

The Sims Plaintiffs now seek certification under Fed. R. Civ. P. 54(b) to appeal: (1) the October 30, 2014 Order and Reasons granting Liaison Counsel's Award of Costs and Expenses

3

(the "Fee Award")(Rec. Doc. 230) and (2) the Court's Order and Reasons denying the Sims Plaintiffs' Motion to Vacate that same order (the "Rule-60 Denial")(Rec. Doc. 258). (See Rec. Doc. 259). As noted above, Liaison Counsel oppose the Motion for Certification and move separately for a Writ of Execution to order payment of the funds approved by the Fee Award. (See Rec. Docs. 262, 260).

### III. CONTENTIONS OF SIMS PLAINTIFFS

In support of their motion for certification under Rule 54(b) (the "Rule 54 Motion"), the Sims Plaintiffs argue that neither the Fee Award (Rec. Doc. 230), nor the Rule-60 Denial (Rec. Doc. 258), constitute "final" judgments for appeal purposes. To this end, they argue primarily that these entries did not adjudicate all claims of all parties to the litigation, as allegedly required to achieve final-judgment status in this multiple-party litigation. Further, they presume that neither side to the instant dispute would prefer to await termination of the entire litigation for resolution of the issue presently at bar such that there is "no just reason for delay" in certifying appeal of the challenged orders under Rule 54(b). Finally, the Sims Plaintiffs note that they have no objection to release of the residue of the "common betterment fund," apart the $120,000 amount to which they presently claim entitlement.

### IV. CONTENTIONS OF LIAISON COUNSEL

Liaison Counsel respond that both the Fee Award and the Rule-60 Denial are final judgments against which the Sims Plaintiffs failed to timely exercise appeal rights. As such, they argue the Rule 54 Motion should be denied. Their argument relies on the premise that the Fee Award effectively terminated litigation on the merits of the issue regarding awards of costs. Any issues remaining as to distribution of the funds among the members of each Litigation Group, they argue, are not sufficient to preclude finality on the broader issues of the amount of costs awarded and the parties entitled thereto. Liaison Counsel further point to language in the Court's Fee Award that "no further proceedings are necessary and a final judgment will issue" (Rec. Doc. 230 at 10) to indicate that the subsequent order, titled "Final Judgment," (Rec. Doc. 231) amounted to a final appealable judgment on these claims. Liaison Counsel additionally rely on circuit precedent indicating that no "magic language" is required for a court's order to achieve status as a final judgment, to argue that the absence of particular reference to Rule 54(b)does not prevent either order from being treated as a final partial judgment. Liaison Counsel claim that the Sims Plaintiffs' Rule 60 Motion had no impact on the legal rights adjudicated by, nor the finality of, the Court's Fee Award or Final Judgment.

5

Alternatively, Liaison Counsel argue that if the Court certifies the Rule-60 Denial for appeal, it should recognize that that motion and certification have no impact on the finality of the Fee Award or Final Judgment and that the Court should therefore issue the writ of execution requested pertaining to that judgment.

**V. FINAL JUDGMENT STANDARD**

The status of an order or judgment as "final" is relevant to appellate jurisdiction over that item. "Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993)(citing *Dardar v. Lafourche Realty Cove*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

There are thus three relevant inquiries before the Court. First, is whether either of the contested orders were "final decisions" under 28 U.S.C. § 1291. If so, any attempted appeal by the Sims Plaintiffs' would have been governed by applicable

6

appeal delays, which have since lapsed. If not, the second inquiry is as to whether the record contains sufficient indicia of the Court's intent to certify the orders as final pursuant to Rule 54(b). If so, the result is the same as if the orders were final decisions under § 1291. If not, however, the third issue becomes whether the Court ought now to certify the orders under Rule 54(b) for purposes of appeal by the Sims Plaintiffs.

## VI. DISCUSSION

### 1. Finality of the Fee Award

28 U.S.C. § 1291 confers the primary grant of jurisdiction to the federal courts of appeals, as to "appeals from all final decisions of the district courts."[2] *See* 15A THE LATE CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE & PROCEDURE § 3905 (2d ed.). Thus, federal appellate jurisdiction depends primarily upon the ability to characterize as "final" the decision subject to appeal. *Id.*

"[T]here is no statute or rule that specifies the essential elements of a final judgment and [the Supreme] Court has held that '[n]o form of words and no peculiar formal act is necessary to evince [the] rendition [of a judgment]." *Zink v. United States*, 929 F.2d 1015, 1020 (5th Cir. 1991) (citing *United States v. F & M Schaefer Brewing Co.*, 356 U.S. 227, 233, 78 S.Ct. 674, 2 L.Ed.2d 721, 726-27 (1958)). "A pragmatic approach

---

[2] Subject to limited exceptions not relevant here.

to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action': the touchstones of federal procedure." *Brown Shoe Co. v. United States*, 82 S.Ct. 1502, 1513, 370 U.S. 294, 8 L.Ed.2d 510 (1962); *see also* 15A THE LATE CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE & PROCEDURE § 3913 (2d ed.). It is well-settled that final judgment on the merits may occur separately from resolution of attorney-fee award issues. *See* 15A THE LATE CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE & PROCEDURE § 3915.6 (2d ed.)("The rule that appeal can and must be taken upon final disposition of all matters other than attorney fees leaves the district court free to continue proceedings on the fee request pending appeal.") As to fee awards themselves, "[o]rdinary finality rules apply." *Id.* A fee order "ordinarily is final when the amount of the award has been determined." *Id.* (citing, *inter alia*, *Echols v. Parker*, 909 F.3d 795, 798 (5th Cir. 1990), *overruled on other grounds by NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142 (Tex. 1999)).

The Sims Plaintiffs' motion as to the Fee Award suffers from two flaws. First, they improperly attempt to constrain the definition of 'finality' with resort to negative inferences drawn from the language of Fed. R. Civ. P. 54(b). While such language is informative, the foregoing plainly reveals that finality determinations are animated by principles of

pragmatism. Second, the Sims Plaintiffs have challenged the wrong order of the Court for purposes of the instant motion. While they may be correct that the Order and Reasons embodying the initial Fee Award (Rec. Doc. 230) did not suffice as a "final judgment" for appeal purposes. The subsequent judgment, titled: "Final Judgment" entered 14 days after the Fee Award, which itself indicated that no further proceedings were necessary, constituted a 'final judgment' under § 1291. The Fee Award determined which parties were entitled to share in the common betterment fund and fixed the amount of the award. The Final Judgment confirmed, in no ambiguous terms, those determinations. No other claims pertaining to sharing in the common betterment fund were outstanding and no further action was necessary to render that judgment final. The Sims Plaintiffs' arguments to the contrary are inapposite and represent improper attempts to re-litigate issues previously considered and rejected in their Rule 60 Motion.

An alternative, and sufficient, basis for denying the relief requested as to the Fee Award is that that order in conjunction with the subsequent Final Judgment satisfied the requirements for certification as final under Rule 54(b). While Rule 54 does, by its terms, require a Court to expressly find there is "no just reason for delay," strict formal adherence to the rule's provisions has been eschewed by courts in favor of a

9

functional approach that better serves the purposes of the rule. Where "language in the order either independently or together with related parts of the record reflects the trial judge's clear intent to enter a partial final judgment under Rule 54(b)," the order is considered appealable. *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1219 (5th Cir. 1990). Judges are not required to "mechanically recite the words 'no just reason for delay.'" *Id.* Here, the Fee Award unambiguously directed: "[N]o further proceedings are necessary and a final judgment will issue." (Rec. Doc. 230 at 10). An order titled "Final Judgment" issued fourteen days later confirming the substance of the Fee Award and directing entry of judgment in favor of Liaison Counsel (Rec. Doc. 231). The Fee Award in conjunction with the Final Judgment clearly reflect the finality of the latter item, viewed through § 1291 or Rule 54(b). Indeed, the Sims Plaintiffs' decision to attack the Fee Award rather than the Final Judgment is telling; their arguments against the finality of such judgment are without merit and they shall not be permitted here to re-litigate the contents of their previously denied Rule 60 Motion.

Accordingly, **IT IS ORDERED** that the Sims Plaintiffs' Rule 54 Motion is **DENIED** as to the request to certify the Fee Award (Rec. Doc. 230) for appeal.

   **2. Finality of the Rule-60 Denial**

The principles of finality discussed above do not apply with equal force to the second item challenged by the Sims Plaintiffs; the Court's denial of their Motion to Reconsider the Fee Award. (Rec. Doc. 258). Because the Sims Plaintiffs will undoubtedly appeal that award upon the conclusion of this litigation, thereby further delaying ultimate resolution of the fee and cost disputes in the instant litigation, no just reason for delay exists and **IT IS ORDERED** that the Court certifies the Rule-60 Denial (Rec. Doc. 258) as a partial final judgment for purposes of appeal.

### 3. Liaison Counsel's Motion for Writ of Execution

The Sims Plaintiffs agree that Liaison Counsel are entitled to a writ of execution as to all but the $120,000 amount to which the Sims Plaintiffs currently stake a claim by way of various collateral challenges. Although Liaison Counsel dispute the impact of any such challenges on the finality of the Court's Fee Award, suggesting that payment on the full amount awarded thereunder ought to be ordered executed, it is clear that in the event the Court of Appeals grants the Sims Plaintiffs' requested relief as to the Rule-60 Denial, further complications will arise as to any disbursed but disputed funds. Accordingly, prudence cautions against ordering disbursal of the funds claimed by the Sims Plaintiffs. This leaves the substantial

majority of the funds awarded under the Fee Award uncontested, however, and Liaison Counsel have shown their entitlement to enforcement of the judgment by writ of execution under Fed. R. Civ. P. 69(a)(1). Accordingly, **IT IS ORDERED** that a writ of execution **be issued** in favor of Liaison Counsel as specified below.

**VII. CONCLUSION**

For the reasons stated above, **IT IS ORDERED THAT** The Sims Plaintiffs' Rule 54 Motion is **DENIED IN PART**, as to the request to certify the Fee Award (Rec. Doc. 230) for purposes of appeal;

**IT IS FURTHER ORDERED THAT** The Sims Plaintiffs' Rule 54 Motion is **GRANTED IN PART**, as to the request to certify the Rule-60 Denial (Rec. Doc. 258) as a partial final judgment for purposes of appeal;

**IT IS FURTHER ORDERED THAT** a writ of execution **be issued** to US Bank, National Association ordering and directing that US Bank, National Association in its capacity as the "Escrow Agent" designated in the December 15, 2008 Cash Escrow Agreement by and among the Plaintiffs and the Settling Defendants, make payment in the amounts of: (a) $1,392,200.00[3] to the Bruno & Bruno LLP trust account, for distribution to the Levee Litigation Group members as agreed by the Levee Litigation Group members; and (b)

---

[3] This amount reflects a set-aside of $60,000 (*i.e.*, half of the total $120,000) claimed by the Sims Plaintiffs, which set-aside has been allocated between both Litigation Groups.

$1,937,800.00[4] to the Domengeaux Wright Roy & Edwards LLC trust account for distribution to the MR-GO Litigation Group members as agreed by the MR-GO Litigation Group, which amount reflects reservation in the escrow account of the $50,000 currently in dispute between the members of the Litigation Groups and Daniel E. Becnel, Jr.

New Orleans, Louisiana, this 8th day of May, 2015.

/s/ [signature]
UNITED STATES DISTRICT JUDGE

---

[4] This amount reflects a set-aside of $60,000 (*i.e.*, half of the total $120,000) claimed by the Sims Plaintiffs, which set-aside has been allocated between both Litigation Groups.